entered into business, on the pretense that arrangements would be made to pay off the notes. Upon his arrival in Milwaukee, the taxpayer went to the office of Saxe and there presented his notes for payment and, while a discussion was being had over the notes, they were attached by the sheriff in an action which had been brought by Saxe against the taxpayer.

3. The taxpayer immediately took legal steps to recover possession of the notes, and during the year 1921 the taxpayer was endeavoring to recover possession of the notes as well as to defend himself against charges of embezzlement which had been brought against him by Saxe. In defending the criminal proceedings brought against him and in recovering possession of the notes the taxpayer incurred a liability in the amount of $17,320.77 for attorneys' fees and court costs, which was paid in 1922.

4. In July, 1922, after the taxpayer had been acquitted of the charges of embezzlement, a settlement was made with Saxe whereby Saxe paid to the taxpayer, in payment of the said notes and accumulated interest thereon, $28,307.63.

5. The taxpayer sought to deduct the entire sum of $25,000 in his income-tax return for the year 1921, on the ground that the promissory notes were worthless during that year, but no testimony was introduced to show that the notes were valueless, that Saxe was unable to pay them, or that they were charged off the books of the taxpayer during the calendar year.

DECISION.

The determination of the Commissioner is approved.

---

Appeal of J. BACH CO. Docket No. 727.

Submitted May 7, 1925; decided May 21, 1925.

*John McD. Fox, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER and TRAMMELL.

This appeal involves a deficiency in income and profits taxes for the fiscal years ended January 31, 1919, and January 31, 1920, in the aggregate of $3,034.19. It is the contention of the taxpayer that the deficiency should be disallowed because the inventories at the end of the respective fiscal years upon which the income for those years was reported in the original returns were not based upon cost or market value, whichever was lower, and that it should be permitted to amend its inventories in order to reflect the cost or market value, whichever is lower.

FINDINGS OF FACT.

The taxpayer is a Wisconsin corporation with its principal office at Milwaukee. It was engaged in the business of dealer in hides, pelts, furs, tallow, and wool.

At the close of the fiscal years ended January 31, 1919, and January 31, 1920, inventories were taken upon what was then considered the market value of the goods. This value was determined by the principal stockholder and officer of the company, who had been engaged in the business for 35 years. One or more of the employees considered that the market value shown by the inventories was high and that the principal stockholder was optimistic as to business conditions in determining the valuations on the articles. Subsequent to 1923 and after the death of the principal stockholder, who made the valuations, the taxpayer corporation revised its closing inventories for the respective years involved and placed lower valuations upon certain of the articles included therein. It then offered to file amended returns based upon the changed inventories.

The market for the goods dealt in by this taxpayer was unsettled and there was a difference of opinion among dealers and valuation experts as to what the market valuations were at the close of the respective years.

### DECISION.

The determination of the Commissioner is approved. There is no evidence as to the cost of the goods or that the revised inventories more accurately reflect the market value than the original inventories.

---

## Appeal of STOTZER GRANITE CO.     Docket No. 281.

### Submitted May 8, 1925; decided May 21, 1925.

*J. Gordon Steele, C. P. A.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

### Before GRAUPNER and TRAMMELL.

This appeal is taken from the determination of a deficiency in income and profits taxes for the calendar years 1919 and 1920. The petition alleges error on the part of the Commissioner in restoring to net income for the year 1919 the sum of $4,320.68 and for the year 1920 the sum of $9,591.20, said amounts having been charged off in the returns made by the taxpayer for the respective years as bad debts. The disallowance by the Commissioner of the said sums resulted in the deficiency from which this appeal is taken. No evidence was introduced by the taxpayer to show that during the years 1919 and 1920 any debts were owing to it, or that it had any bad debts, or that it was entitled to any deduction whatever for debts ascertained to be worthless and charged off during either of the calendar years mentioned above.

### FINDINGS OF FACT.

The taxpayer is a Wisconsin corporation with its principal office in the City of Milwaukee.

### DECISION.

The determination of the Commissioner is approved.